People v Brown (2018 NY Slip Op 05684)





People v Brown


2018 NY Slip Op 05684


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-00854
 (Ind. No. 5000-15)

[*1]The People of the State of New York, respondent,
v
James P. Brown, Jr., appellant.


Scott Lockwood, Deer Park, NY, for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Lisa Fleischmann and James F. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William J. Condon, J.), rendered January 7, 2016, convicting him of endangering the welfare of an incompetent or physically disabled person in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with endangering the welfare of an incompetent or physically disabled person in the first degree (Penal Law § 260.25). At the relevant time, the defendant worked at a group home for developmentally disabled adults. The defendant's coworker testified at a nonjury trial that she saw the defendant hit one of the residents (hereinafter the victim) in the face. The defendant, who testified at trial, denied that he struck the victim and maintained that he did not know what caused the victim's injuries. The County Court found the defendant guilty of endangering the welfare of an incompetent or physically disabled person in the first degree.
The defendant argues that the evidence was legally insufficient to support his conviction, because the People did not present competent evidence that the victim suffered from a physical disability, mental disease, or defect that rendered him unable to care for himself, as required by Penal Law § 260.25. The defendant further contends that the verdict was against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349), we find that it was legally sufficient to establish beyond a reasonable doubt that the victim suffered from a physical disability, mental disease, or defect that rendered him unable to care for himself. The undisputed evidence presented at trial indicated that the victim suffered from a "profound" intellectual disability and was unable to care for himself. The uncontested evidence demonstrated that the victim was unable to form a complete sentence, communicate with his doctors, prepare a meal, or independently navigate the outside world. Moreover, upon our independent review of the record pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court